UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LOUISIANA SHERIFFS' LAW ENFORCEMENT PROGRAM AND GARY GILLEY, SHERIFF OF RICHLAND PARISH** | : | CIVIL ACTION NO: ___3:22-cv-952___ |
| **(PLAINTIFFS)** | | |
| **VERSUS** | : | |
| **THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY** | | |
| **(DEFENDANT)** | : | **JURY TRIAL REQUESTED** |

## COMPLAINT

NOW COME, the Louisiana Sheriffs' Law Enforcement Program ("LSLEP") and Gary Gilley, Sheriff of Richland Parish, plaintiffs, who for cause of action, declaratory judgment and damages against The Princeton Excess and Surplus Lines Insurance Company (PESLIC), defendant, aver that:

### INTRODUCTION

1.  This is an insurance coverage action seeking declaratory relief pursuant to 28 USC § 2201 and 28 USC § 2202, money damages for breach of contract and penalties and attorney's fees for misrepresentation of an insurance policy and arbitrary and capricious denial of an insurance claim. Plaintiffs in this matter are Gary Gilley, Sheriff of Richland Parish, and the Louisiana Sheriffs' Law Enforcement Program, a statutorily authorized interlocal risk management agency, who seek declaratory relief and money damages with respect to an insurance policy sold by the defendant, The Princeton Excess and Surplus

00096593-4

Lines Insurance Company ("PESLIC").  The applicable insurance policy bearing policy number N1-A3-RL-0000063-09 (hereinafter the "PESLIC Policy") was written as a "claims made" policy under which coverage vests when a Claim is "first made" against an Insured during the Policy Period where PESLIC receives written notice during the policy period.

2. The PESLIC Policy obligates PESLIC to indemnify Plaintiffs, as their interests may appear or exist, against a judgment issued in civil action number 3:18-CV-01466 of this Court, for which plaintiff, Gary Gilley, Sheriff of Richland Parish, has been held responsible, for any interest that accrues on the amount of that judgment and for the costs and attorney's fees the Plaintiffs incurred defending the claims alleged in that action.

## THE PARTIES

3. Plaintiffs are:

A. the Louisiana Sheriffs' Law Enforcement Program (hereinafter "LSLEP"), an interlocal risk management agency organized in accordance with La. R.S. 13:5571-5575 (formerly La. R.S. 33:1481-1485) as an association of multiple sheriffs of the parishes of the State of Louisiana, and whose domicile, principal place of business and citizenship is the State of Louisiana, and whose only members are sheriffs of parishes in the State of Louisiana and thereby political subdivisions and citizens of the State of Louisiana; and

B. Gary Gilley, Sheriff of Richland Parish ("Sheriff Gilley"), a political subdivision of the State of Louisiana and a member of LSLEP, whose domicile, principal place of business and citizenship is the State of Louisiana.

4. Defendant is The Princeton Excess and Surplus Lines Insurance Company (hereinafter "PESLIC"), a foreign surplus lines insurer with its principal place of business located in the State of New Jersey and whose place of incorporation is the State of

Delaware, and who is therefore a citizen of the State of New Jersey and the State of Delaware, and who issued the PESLIC Policy insuring the LSLEP and Sheriff Gilley.

## JURISDICTION

5. This Court has diversity jurisdiction over this lawsuit under 28 USC § 1332 in that the amount in controversy is over $75,000 and there is complete diversity of the parties. Declaratory relief is available under 28 USC §§ 2201 and 2202.

## VENUE

6. Venue is proper in this Court under 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Richland Parish Louisiana which is located in the district and division of this Court.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## FACTS – UNDERLYING CLAIM AND LAWSUIT

8. The underlying claim involves an alleged wrongful arrest of Brian Hargiss on or about November 26, 2017, by deputies of the Richland Parish Sheriff's office along with claims that excessive force was used by the deputies.

9. A lawsuit was filed on November 8, 2018 on behalf of Brian Hargiss naming Sheriff Gilley as a defendant, along with several deputy sheriffs, arising from the incident of November 26, 2017 (the "Underlying Lawsuit").

10. The Underlying Lawsuit was entitled *Brian Patrick Hargiss v. Lasalle Corrections, et al*, bearing civil action number 3:18-CV-01466, United States District Court for the Western District of Louisiana, Monroe Division.

11.     The claim alleged in the Underlying Lawsuit was reported by Sheriff Gilley to LSLEP through Mount Claims Service, LLC, on December 9, 2018.  Mount Claims Service is the Claims Administrator for the LSLEP, of which Sheriff Gilley and the Richland Parish Sheriff's Office are members.  LSLEP established a group self-insurance fund with public monies contributed by its member sheriffs to pool and fund their public liability risk and to purchase the insurance policy from PESLIC to provide excess insurance coverage.

12.     The claim alleged in the Underlying Lawsuit was initially reported to PESLIC by Sheriff Gilley and LSLEP through Mount Claims Service, LLC, on January 4, 2019, and each successive month thereafter by way of reports titled "LSLEP Loss Run Excel – Munich Re – Monthly" and these reports were addressed to the claims department for Munich Re Group (Munich Re). PESLIC is an affiliated company of the Munich Re Group and the notice to the claims department of Munich Re was appropriate and sufficient notice to PESLIC under the Policy.

13.     The initial report of Mount Claims Service, LLC provided the following pertinent information on this claim of Brian Hargiss and served as notice to PESLIC of this loss:

| Field | Value |
|---|---|
| Policy Number | N1-A3-RL-0000063-09 |
| Customer Account | Richland Parish LSLEP |
| Claim # | 90-5227 |
| Occurrence # | 5227 |
| Claimant | Brian Hargiss |
| DOL | 11/26/2017 |
| DOFR | 12/09/2018 |
| Claim Type | ABEF |
| Description/Trial Date | "Allegations of wrongful arrest" |
| In Litigation | Y |
| Defense Attorney | Jim Mulally |
| Status | Open |
| Reserve | $2,500 |

The acronyms "DOL", "DOFR" and "ABEF" refer to "date of loss", "date of first report" and "assault/battery/excessive force" respectively.

14. The notice provided to PESLIC in January 2019 and for the months thereafter was sufficient to vest coverage as a claim first made during the PESLIC Policy's effective policy period of July 1, 2018 to July 1, 2019.

15. The claims alleged in the Underlying Lawsuit ultimately resulted in a judgment following a jury trial commenced on October 12, 2021, which judgment was rendered on October 21, 2021, against Sheriff Gilley for his vicarious liability as the employer of certain deputy sheriffs and is Document 201 in the Underlying Lawsuit (hereinafter the "Judgment").  The amount of the Judgment against Sheriff Gilley is at least $521,819.96, together with legal interest that continues to accrue.  The Judgment is now a final judgment.

16. The Judgment was reported to PESLIC by LSLEP and Sheriff Gilley through Mount Claims Service, LLC on or about January 11, 2022, with information that the Judgment exceeded the retained limit and that indemnification was therefore owed under the PESLIC policy to the LSLEP fund in the amount of $421,819.96.

17. PESLIC incorrectly responded that this was the first notice of the Hargiss claim being reported, noting that this report date of January 11, 2022, was subsequent to the PESLIC Policy period and not covered by the PESLIC Policy.   However, PESLIC was given notice in January 2019 as stated above.

18. The manner in which LSLEP and Sheriff Gilley reported the Hargiss claim to PESLIC was consistent with other instances in which the claims initially reported by LSLEP inside the pertinent policy period were not believed to exceed the retained limits

00096593-4

of the policies, but ultimately required payment by PESLIC under the applicable policy outside the policy period. In those prior similar instances, PESLIC accepted coverage and paid the amounts owed under the applicable policies.

19. LSLEP and Sheriff Gilley incurred and paid costs and attorney's fees to defend Sheriff Gilley in the Underlying Lawsuit.

20. PESLIC is responsible for the amount of the Judgment rendered against Sheriff Gilley in the Underlying Lawsuit, together with all accrued interests and all costs and attorney's fees incurred by LSLEP and Sheriff Gilley defending the Underlying Lawsuit that exceed the "retained limit" of $100,000, but PESLIC has wrongfully denied coverage and wrongfully refused to indemnify and pay the amount for which it is responsible.

## THE PESLIC POLICY

21. PESLIC at all times relevant issued policy number N1-A3-RL-0000063-09 (the "PESLIC Policy") to LSLEP and those Sheriffs in the State of Louisiana specifically scheduled in the policy. Both LSLEP and Sheriff Gilley, as the Sheriff of Richland Parish, are insureds under the PESLIC Policy.

22. The PESLIC Policy provides coverage for general liability, wrongful acts, law enforcement, and other coverages, and insured LSLEP and Sheriff Gilley against liability for the Judgment rendered in the Underling Lawsuit, accrued interest on the judgment and the costs and attorney's fees incurred by LSLEP and Sheriff Gilley defending the Underlying Lawsuit which exceed the retained limit of $100,000.

23. The PESLIC Policy is written on a "claims made" basis and is written as an indemnity policy.

00096593-4

24. The PESLIC Policy requires that PESLIC be notified in writing as soon as practicable once there is notice of a claim being made against any insured. Here, the claim of Brian Hargiss alleged in the Underlying Lawsuit was reported by Sheriff Gilley to LSLEP on or about December 9, 2018, and PESLIC was given notice of this claim by LSLEP on January 4, 2019, both dates being inside the PESLIC policy period.

25. When the claim of Brian Hargiss was initially reported to PESLIC, Plaintiffs did not believe that the claim would likely involve indemnification by the PESLIC Policy and no other or different notice of the initial claim was needed to vest coverage under the PESLIC Policy.

## WRONGFUL DENIAL OF CLAIM

26. Following rendition of the Judgment in the Underlying Lawsuit, LSLEP and Sheriff Gilley, through Mount Claims Service, LLC, as the Claims Administrator, reported to PESLIC that the calculated judgment amount was $521,819.96, and formally requested PESLIC pay the LSLEP fund $421,819.96, which was the calculated judgment amount less the retained limit of $100,000.

27. PESLIC denied coverage for this claim contending that no notice of the claim was given to PESLIC during the policy period of July 1, 2018 to July 1, 2019, and incorrectly claiming that the first notice of the claim was in January of 2022 and outside the policy period.

## COUNT ONE – DECLARATORY JUDGMENT

28. The averments of all of the above paragraphs are incorporated by reference as if set forth here.

29.  Pursuant to 28 USC §§ 2201 and 2202, Plaintiffs are entitled to a declaratory judgment against Defendant declaring that there is coverage under the PESLIC Policy for the amount Sheriff Gilley is ordered to pay Brian Hargiss in the Judgment rendered in the Underlying Lawsuit together with any accrued interest and the costs and attorney's fees incurred by Plaintiffs defending the Underlying Lawsuit, and that Defendant is obligated to indemnify Plaintiffs for those amounts that exceed the retained limit of $100,000.00 where aggregate and corridor limits are exhausted.

30.  Granting this declaratory relief to Plaintiffs will resolve the dispute between the parties concerning whether the PESLIC Policy provides insurance coverage to the Plaintiffs for the amount of the Judgment against Sheriff Gilley, plus accrued interest and defense costs and attorney's fees that exceed the retained limit.

## COUNT TWO – BREACH OF CONTRACT

31.  The averments of all of the above paragraphs are incorporated as if set forth here.

32.  PESLIC'S conduct constitutes a breach of the PESLIC Policy that has caused and will continue to cause Plaintiffs to suffer damages for the amount Sheriff Gilley has been ordered to pay Brian Hargiss in the Judgment rendered in the Underlying Lawsuit together with any accrued interest and the costs and attorney's fees incurred by Plaintiffs defending the Underlying Lawsuit, that exceed the retained limit.

## COUNT THREE – PENALITES AND ATTORNEY'S FEES

33.  The averments of all of the above paragraphs are incorporated as if set forth here.

34.  PESLIC has wrongfully denied the existence of coverage under the PESLIC Policy by claiming and continuing to claim that it did not receive timely notice of the underlying claim within its policy period, and therefore has misrepresented pertinent facts or

insurance policy provisions relating to the coverages at issue as prohibited by La. R.S. 22:1973, which misrepresentation of coverage entitles Plaintiffs to an award of the greater of two times the damages sustained or five thousand dollars.

35. PESLIC has failed to timely pay the amounts due under the PESLIC Policy arbitrarily, capriciously and without probable cause in violation of La. R.S. 22:1892, thereby entitling Plaintiffs to an award of 50% of the amount not timely paid or tendered, as well as reasonable attorney's fees.

WHEREFORE, Plaintiffs, the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, demands judgment in their favor against Defendant, The Princeton Excess and Surplus Lines Insurance Company, as follows:

1. Declaring and adjudging that the insurance policy bearing policy number N1-A3-RL-0000063-09 issued by The Princeton Excess and Surplus Lines Insurance Company for the policy period of July 1, 2018 to July 1, 2019 provides coverage to the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, for the amount Gary Gilley, Sheriff of Richland Parish, is ordered to pay Brian Hargiss in the Judgment rendered in the Underlying Lawsuit together with any accrued interest and the costs and attorney's fees incurred by the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, defending the Underlying Lawsuit and obligates The Princeton Excess and Surplus Lines Insurance Company to indemnify the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, for those amounts in excess of the PESLIC Policy's retained limit;

2. Awarding damages in favor of the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, and against The Princeton Excess

and Surplus Lines Insurance Company, for the amount Gary Gilley, Sheriff of Richland Parish, is ordered to pay Brian Hargiss in the Judgment rendered in the Underlying Lawsuit, together with any accrued interest and the costs and attorney's fees incurred by the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, defending the Underlying Lawsuit, that exceed the the retained limit set forth in the insurance policy bearing policy number N1-A3-RL-0000063-09 issued by The Princeton Excess and Surplus Lines Insurance Company for the policy period of July 1, 2018 to July 1, 2019;

      3.    Awarding the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, their attorney's fees, costs and disbursements incurred in this action;

      4.    Awarding the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish, penalties, damages and attorney's fees owed under La. R.S. 22:1973 and La. R.S. 22:1892; and

      5.    Awarding such other and further relief, including any appropriate equitable relief, as the court may deem just and proper.

Respectfully Submitted:

VOORHIES & LABBÉ
(A Professional Law Corporation)

_____
Lamont P. Domingue, #20787
700 St. John Street - Suite 500
Post Office Box 3527
Lafayette, LA 70502-3527
PHONE: 337-232-9700
FAX:  337-235-4943
lpd@volalaw.com
**Attorney for Plaintiffs, the Louisiana Sheriffs' Law Enforcement Program and Gary Gilley, Sheriff of Richland Parish**

00096593-4